■ In the Matter of the Estate of FRED W. OTTE, Deceased. CARL R. OLSON, as Executor of FRED W. OTTE, Deceased, et al., Respondents; SALVATORE T. GAMBINO, as Committee of the Person and Property of BESSIE W. OTTE, an Incompetent, Appellant.— In a proceeding to judicially settle the account of the executor under the will of Fred W. Otte, deceased, the committee of the testator's incompetent wife appeals from so much of a decree of the Surrogate's Court, Westchester County, entered December 18, 1962 (see 36 Misc 2d 790), as denied the application of the committee's attorneys for payment from the decedent's estate of the reasonable value of their services rendered in behalf of the committee; such denial being "without prejudice to an appropriate application in a proper forum for the payment [for such services] from the estate of the incompetent." Decree, insofar as appealed from, reversed on the law and the facts, with costs to the appellant committee and all other parties filing briefs, payable out of the estate; and application of the committee's attorneys granted to the extent of awarding to them, payable out of the incompetent's wife's share in the testator's estate, the sum of $750 as compensation for services rendered by them in this proceeding. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. On a prior appeal this court: (1) held that the sum of $4,000, set up in the executor's account as the sole property of the decedent, was to be "treated as property belonging to [the decedent] husband and [the incompetent] wife as tenants in common in equal shares;" (2) directed payment (to the committee) of the sum of $2,000 as the wife's share thereof; and (3) remitted the matter to the Surrogate's Court for the making of an application by the committee's attorneys for the fixation of their fee (*Matter of Otte*, 15 A D 2d 819; resettlement, reargument or other relief denied 16 A D 2d 801). In our opinion, the learned Surrogate rightly concluded that, in discretion, the application for compensation out of the general funds of the estate should be denied (see 36 Misc 2d 790). However, in view of the fact that, by the decision on the prior appeal, the committee for the incompetent wife was entitled to the sum of $2,000, payable by the estate, the Surrogate was empowered to grant an award to the committee's attorneys for their services out of the funds in the executor's hands, belonging to the wife as a person interested in the estate (Surrogate's Ct. Act, § 231-a; 3 Warren's Heaton, Surrogates' Courts [6th ed.], § 295, par. 4, subd. [a],

p. 731). In our opinion, the Surrogate should have exercised such power. Under all the circumstances, a grant of $750 seems to us to be fair and reasonable compensation in view of the fact that counsel were not acting as volunteers and that their objections to the account were in accord with the recommendations contained in the report of a special guardian duly appointed by the Surrogate to protect her interests upon the accounting. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.